RALPH D. and CARLOTTA M. KELLOGG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kellogg v. Commissioner
Docket No. 5711-84.
United States Tax Court
T.C. Memo 1986-549; 1986 Tax Ct. Memo LEXIS 56; 52 T.C.M. (CCH) 1022; T.C.M. (RIA) 86549; November 17, 1986. Ralph D. Kellogg, pro se. Ross Paulson, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned to the undersigned pursuant to the provisions of section 7456(d)(3) of the Code (redesignated sec. 7443A(b)(3) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ) and Rules 180, 181 and 182. [1]
*57 Respondent determined a deficiency in petitioners' 1979 Federal income tax in the amount of $3,186. Petitioners resided at Fountain Valley, California, when they timely filed their petition herein. The issues for consideration are: (1) whether petitioners are entitled to defer gain from the sale of certain ranch property under section 1034; (2) whether they are entitled to a rental loss in the ranch property; (3) whether they are entitled to a rental loss on Mount Jackson property; and (4) whether they have substantiated various disallowed deductions. Some of the facts were stipulated and they are so found. Petitioners, husband and wife, were married in 1978. Each of them had been married previously: Carlotta was divorced in 1974 and Ralph in 1978. Interests in both properties involved in this case, the ranch and the Mount Jackson property, were received by the respective petitioners as a result of their divorces. As a result of Carlotta's divorce in 1974, she received, by quitclaim deed, certain property located on Mount Jackson Street in Fountain Valley, California (the Mt. Jackson property). The quitclaim deed was dated December 8, 1977, and recorded on January 12, 1978. *58 Ralph, when he was divorced in 1978, received a one-half interest in the ranch property as a result of his divorce, presumably as a part of the split of the community property he and his former wife owned. He was given possession of the ranch which was located in Wildomar, California, until it was sold, at which time he was to split the proceeds from the sale with his former wife. Petitioners resided at the ranch from 1978 until April 1979 at which time the ranch was rented for $150 per month to the persons who eventually bought it in August 1979. The amount realized by Ralph on the sale was $44,183 and the gain realized thereon was $20,879. In May 1979, petitioners moved to the Mt. Jackson property. Ralph made improvements to that property in the total amount of $17,060 within the 18-month period before and after the date of the ranch sale. In February 1981, Carlotta quitclaimed her interest in the Mt. Jackson property to herself and to Ralph, as joint tenants with the right of survivorship. The transfer was in consideration of the improvements to the property made by Ralph. Ralph took his interest subject to the outstanding mortgage of $24,500. Rental Losses on Mt. Jackson *59 Property
Petitioners claimed a net loss of $1,647 on this property, of which respondent disallowed expenses totaling $1,906 as follows: Repairs
$1,389
Gardening
50
Auto
299
Depreciation
168
At trial, respondent conceded that the depreciation claimed, $168, was allowable. Petitioners conceded the gardening deduction of $50 was properly disallowed. The remaining items, repairs and automobile expense, are at issue. Petitioners bear the burden of proving respondent's determination to be incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners have been able to prove repaires made totaling $136.90 and they are entitled to a deduction in that amount. As to the claimed automobile expense, petitioner contended that he was required to travel to this property in connection with its rental. However, he had no records whatsoever and even his testimony in this regard was vague. Accordingly, petitioners have failed to meet their burden of proving that respondent's determination was incorrect in this regard. Welch v. Helvering,supra; Rule 142(a). Rental Losses on Ranch Property
Respondent disallowed *60 all of the claimed rental loss, $874, on the ranch property, on the ground that petitioners had failed to establish that they were carrying on a bona fide rental. The ranch was rented from April through July, 1979, at $150 per month to the persons who eventually purchased it. The selling price of the ranch was $94,800. Petitioners reported $600 income from the ranch during its rental period and claimed expenses totaling $1,474. Here, petitioners had complete failure in substantiating any of the claimed expenses. We need not, under these facts, reach the question whether the rental of the ranch, in fact, was a profit motivated transaction. Jasionowski v. Commissioner,66 T.C. 312, 322 (1976). Accordingly, respondent's disallowance of the loss of $874 is sustained. Gain on Ranch Property
Respondent conceded at trial that during the 18-month period before and after the sale of the ranch, petitioner expended $17,060 for improvements on the Mt. Jackson property. We find that the Mt. Jackson property was encumbered in the amount of $24,500. Petitioners' position is that they are not required to report the gain on the sale of the ranch property as it was rolled *61 over into the Mt. Jackson property. Petitioner realized $44,183 on the sale, of which $20,879 represented realized gain. Respondent does not contend that the rental of the ranch prior to its sale precludes the availability of the rollover provisions of section 1034. See Bolaris v. Commissioner,81 T.C. 840 (1983), affd. on this point, 776 F.2d 1428 (9th Cir. 1985). Section 1034 as then applicable provided that gain realized on the sale of a principal residence if, within an 18-month period before and after the sale, the taxpayer purchased a new principal residence, was to be limited to the extent the taxpayer's adjusted sales price exceeded his cost of purchasing the new residence. Petitioner's adjusted sales price of the ranch was $44,183, so the question for our determination is the cost, if any, of his acquisition of his interest in the Mt. Jackson property. Section 1.1034-1(b)(7), Income Tax Regs., defines -- "Cost of purchasing the new residence" [as] the total of all amounts which are attributable to the acquisition, construction, reconstruction, and improvements constituting capital expenditures, made during the period beginning 18 *62 months (one year in the case of a sale of an old residence prior to January 1, 1975) before the date of sale of the old residence and ending either (i) 18 months (one year in the case of a sale of an old residence prior to January 1, 1975), after such date in the case of a new residence purchased but not constructed by the taxpayer * * *. The regulations go on to provide that "'Purchase' * * * means * * * the partial or total construction or reconstruction (of a residence) by the taxpayer * * *." However, the mere improvement of a residence, not amounting to reconstruction, does not constitute "purchase" of a residence. Sec. 1.1034-1(b)(9), Income Tax Regs.
On brief, respondent contends that the $17,060 expended by petitioner does not amount to "reconstruction" and therefore cannot be considered as part of petitioner's cost of acquiring an interest in the Mt. Jackson property. However, respondent made it clear at trial that the $17,060 which he conceded was expended would affect petitioner's basis in the Mt. Jackson property so as to increase it, and that it was in fact rolled over into that property. [2] It is thus clear that in light of respondent's concession petitioner expended *63 at least $17,060 as his cost of reconstruction in purchasing his interest in the Mt. Jackson property. In addition, the property was encumbered by a mortgage in the amount of $24,500. The cost of purchasing a new residence includes not only cash "but also any indebtedness to which the property purchased is subject at the time of purchase whether or not assumed by the taxpayer." Sec. 1.1034-1(c)(4), Income Tax Regs. The mortgage covered the entire property of which petitioner acquired an undivided half interest. We hold that his interest was encumbered in the amount of $12,250 and that such amount constitutes a portion of his purchase price of the residence. Thus, petitioner's total cost of acquisition of the Mt. Jackson property was $29,310 ($17,060, plus $12,250). Section 1034 provides that the gain realized from the sale of the ranch ($20,879) shall be recognized only to the extent that the adjusted sales price of the ranch ($44,183) exceeds his cost of purchasing the Mt. Jackson property ($29,310). Petitioner's gain will accordingly be recognized to the extent *64 of $14,873. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because of respondent's concessions at trial, the evidence supporting the improvements was not introduced.↩